**Sharon LEVERS et al., Plaintiffs,**

v.

**CITY OF TULLAHOMA, TENNESSEE, et al., Defendants.**

**No. CIV–4–78–2.**

United States District Court,
E. D. Tennessee,
Winchester Division.

Jan. 18, 1978.

Jerre M. Hood, Winchester, Tenn., for plaintiffs.

Stephen M. Worsham, Tullahoma, Tenn., for defendants.

## MEMORANDUM OPINION AND FINDINGS

NEESE, District Judge.

The plaintiff Ms. Sharon Levers, individually and on behalf of The Holy Spirit Association for the Unification of World Christianity (the Unification Church), applied to this Court,[1] without written or oral notice to them or their attorney, for an order restraining temporarily the defendants City of Tullahoma, Tennessee, its mayor Mr. George S. Vibbert, Jr., and its chief of police Mr. Jack Welch from enforcing against the plaintiff its ordinance no. 548 " * * * to regulate charitable solicitations * * * " in such municipality. Rule 65(b), Federal Rules of Civil Procedure.

It appears clearly from specific facts shown by the verified complaint herein that immediate and irreparable injury and damage will result to the applicant before the defendants can be heard in opposition to such application, in that the enforcement of such ordinance against the plaintiff will subject her to the deprivation of her right to free speech and freedom of religion, Constitution, First Amendment, and to arrest for violation of such ordinance. *Ibid.*, (1). The applicant's attorney verified to this Court in writing his efforts to give notice to the city attorney for such municipality (and presumably the legal counsel herein for the individual defendants)[2] and the reasons

1. There was not submitted with such written motion a brief with authorities, local Rule 12(a); however, in its discretion, the Court WAIVES in the interest of justice such requirement, local Rules App., § 5(a).

2. Although the plaintiff asserts the City of Tullahoma " * * * is aware [through its officials] * * * that legal action is pending in this matter, * * * " the Court expresses no opinion as to the necessity of notices being given adversary parties, themselves, where

supporting the claim of the applicant's attorney that notice should not be required. *Ibid.*, (2).

■ A municipality has the power under our constitutional law to enact regulations in the interest of public convenience, *Schneider v. State of New Jersey* (1939), 308 U.S. 147, 160, 60 S.Ct. 146, 150[2], 84 L.Ed. 155, but it is precluded under the Constitution, First and Fourteenth Amendments, from making any law respecting an establishment of religion, or prohibiting the free exercise thereof, or abridging the freedom of speech, see *Jones v. City of Opelika* (1942), 316 U.S. 584, 597, 62 S.Ct. 1231, 1239[7], 86 L.Ed. 1691. Ms. Levers claims she is being deprived of her right to canvass [3] the citizens of Tullahoma and undertake to proselytize them on behalf of the religious establishment of her preference, because she is being required to comply with the provisions of the aforementioned ordinance by listing as references two owners of business-property within such municipality who would attest that she " * * * has a good moral character and reputation for honesty and integrity * * * " (in the language of the ordinance).

■ On its face, the plaintiff's purpose in the desired canvassing and proselytizing would appear to be as evangelical as the revival meeting; if so, as a form of religious activity, it may be equated under the Constitution, First Amendment, with worship in churches and preaching from pulpits. The incidental fact that she may solicit contributions for the religious organization in which she is interested, does not remove this form of evangelism from the protection of our Constitution, *Murdock v. Commonwealth of Pennsylvania* (1943), 319 U.S. 105, 110, 63 S.Ct. 870, 873–874[4], 87 L.Ed. 1292, no matter how unorthodox the underlying religious practices of that organization may appear to some persons to be, *Follett v. Town of McCormick, S. C.* (1944),

321 U.S. 573, 577, 64 S.Ct. 717, 719[5], 88 L.Ed. 938.

■ Therefore, the requested temporary restraining order requested will be granted without notice, because it appears from the foregoing that the defendants are subjecting the plaintiff by the application to her of the aforementioned ordinance to the deprivation of her guarantees to freedom of speech and to exercise freely an established religion; as the plaintiff will be subject to arrest for violating the terms and provisions of the aforementioned ordinance, chilling her exercise of such guaranteed rights, her injury therefrom will be immediate and irreparable unless this Court exercises its duty and intervenes.

Before the issuance of the requested order of restraint, the plaintiff will give security in the sum of $250, which the Court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party found to have been restrained wrongfully. Rule 65(c), Federal Rules of Civil Procedure.

## ORDER OF RESTRAINT

Accordingly, it hereby is

ORDERED that the defendants City of Tullahoma, Tennessee, its mayor Mr. George S. Vibbert, Jr., and its chief of police Mr. Jack Welch, and each of its and their officers, agents, servants, employees and attorneys and all other persons in active concert or participation with it or them, are restrained temporarily from directly or indirectly enforcing ordinance no. 548 of the City of Tullahoma, Tennessee against the plaintiff Ms. Sharon Levers.

It hereby is ORDERED further that the plaintiff's application for a preliminary injunction will be assigned by the clerk for hearing in this Court on Monday, January 23, 1978 at 2:00 o'clock in the afternoon, or

they are not a municipality with an official city attorney and its officials.

**3.** The plaintiff's use of the word, canvass, is not altogether clear; as a verb, it could imply an address with reference to prospective action,

12 C.J.S. Canvass p. 1114; but see *Commonwealth v. Richardson* (1943), 313 Mass. 632, 48 N.E.2d 678, 682, or the solicitation of contributions, 12 C.J.S., *supra*. The Court assumes for present purposes its latter use.

as soon thereafter as this matter may be reached on the Court's calendar.

It hereby is ORDERED further that the above and foregoing order of temporary restraint shall expire at midnight, January 25, 1978, unless it is dissolved theretofore or extended further by order of this Court.